UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROSEMARIE ROBERTSON WIFE OF/AND ROGER BLAIS** | * | **CIVIL ACTION NO.:** |
| versus | * | SECTION: |
| **LARRY JEAN BOYD, FIVE STAR TRANSPORT, LLC, AND AMERICAN INTER-FIDELITY EXCHANGE** | * | MAG. |

## NOTICE OF REMOVAL

Defendants Five Star Transport, LLC (hereafter "Five Star") and American Inter-Fidelity Exchange (hereafter "AIFE") file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the Docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

I.

On January 8, 2016, Rosemarie Robertson wife of/and Roger Blais filed this lawsuit against Larry Jean Boyd, Five Star, and American Inter-Fidelity Exchange (hereafter "AIFE") in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2016-229 and entitled *"Rosemarie Robertson wife of/and Roger Blais versus Larry Jean Boyd, Five Star Transport, LLC, and American Inter-Fidelity Exchange."* A copy of Plaintiff's Petition for Damages is attached hereto and marked for identification as **Exhibit A**.

II.

Plaintiffs' lawsuit seeks damages arising out of a January 30, 2015 automobile accident occurring on Tchoupitoulas Street in the Parish of Orleans, State of Louisiana. Their alleged damages include: physical pain and suffering; mental anguish; permanent disability; medical

expenses, past, present, and future; loss of income, past, present, and future; loss of earning capacity; loss of enjoyment of life; loss of consortium, services, and society; and loss of all other reasonable damages.

III.

Five Star and AIFE desire to have this cause of action removed from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 U.S.C. §§ 1332 and 1441.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

IV.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

V.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

VI.

For purposes of this removal, it is apparent from the face of the Petition, as well as from the additional facts set forth herein, that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs. Plaintiffs aver in their Petition for Damages that they is seeking payment under the policy of insurance issued by AIFE for alleged damages arising out of this accident.

VII.

The coverage limit on the insurance policy issued to Five Star is **one million dollars ($1,000,000)**. When the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy plus any penalties allowed by state law. *Buras v. Birmingham Fire Ins. Co. of Penn.*, 327 F.2d 238, 238-239 (5th Cir. 1964).

VIII.

Plaintiffs have not stipulated and the Petition for Damages does not aver that Plaintiffs' cause of action does not exceed $75,000, exclusive of interest and costs, nor have they averred or offered a binding stipulation that they affirmatively renounce the right to accept a judgment in excess of $75,000, as would be required pursuant to *Gautreau v. Lowe's Home Ctr., Inc.*, 2012 U.S. Dist. LEXIS 186301, 12 (M.D. La. Dec. 19, 2012)(Riedlinger J.); *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.); and *Kaplan v. Prime Demolition & Disposal, LLC et. al*., No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

IX.

While AIFE and Five Star admit no liability nor any element of damages, AIFE and Five Star have met their burden of establishing that it is now apparent that the amount in controversy

is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.    COMPLETE DIVERSITY EXISTS

X.

Plaintiff, Rosemarie Robertson and Roger Blais, are citizens of and domiciled in the State of Louisiana.

XI.

Defendant, Larry Jean Boyd, is a resident of and domiciled in the State of Mississippi.

XII.

Defendant, Five Star, is a foreign corporation organized under the laws of the State of Indiana, and with its principal place of business in the State of South Carolina. Therefore, Five Star is a citizen of the State of Indiana and the State of South Carolina. 28 U.S.C. § 1332(c)(1)

XIII.

Defendant, AIFE, is a foreign insurer with its principal place of business in the State of Indiana. Therefore, AIFE is a citizen of the State of Indiana. 28 U.S.C. § 1332(c)(1)

XIV.

Accordingly, there is complete diversity of citizenship between plaintiffs and defendants.

XV.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties now and at the time of filing.

## II.     FIVE STAR AND AIFE HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XVI.

AIFE is a foreign insurer and is diverse. Five Star is a foreign corporation and diverse.

XVII.

Five Star received a copy of the Petition for Damages by certified mail on February 2, 2016. AIFE received a copy of the Petition for Damages by e-mail from Five Star on February 3, 2016. AIFE was served through the Secretary of State on January 20 and 22, 2016, but has not yet received a copy of the Citation and Petition for Damages from the Secretary of State. The Petition for Damages was sent to an address where Larry Jean Boyd no longer resides and was received by Mr. Boyd's ex-wife, who gave it to him the week of February 8, 2016. Thus, this petition for removal is timely under 28 U.S.C. § 1446(b).

XVIII.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

XIX.

The Civil District Court for the Parish of Orleans, State of Louisiana is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

236/238.0008

XX.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages served on Five Star is attached hereto and marked for identification as Exhibit A.  The Interrogatories, Request for Production of Documents, and Request for Admissions served with the Petition for Damages are included in Exhibit A.  Five Star has not received any other pleadings.  AIFE has only received the pleadings served on Five Star.  Larry Jean Boyd has not been served with the Petition.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all adverse parties and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

XXI.

No previous application has been made for the relief requested herein.

XXII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendants Five Star Transport, LLC and American Inter-Fidelity Exchange pray that the above numbered and entitled cause of action on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from said court to the docket of the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

    Respectfully submitted,

    s/ James R. Nieset, Jr.
    **JAMES R. NIESET, JR. (24856)**
    **KRISTOPHER M. GOULD (33860)**
    **KELSEY L. JARRETT (35844)**
    Porteous, Hainkel & Johnson
    704 Carondelet Street

Case 2:16-cv-01547-NJB-KWR   Document 1   Filed 02/23/16   Page 7 of 7

New Orleans, LA  70130-3774
Telephone:  (504) 581-3838
jnieset@phjlaw.com
kgould@phjlaw.com
kjarrett@phjlaw.com

### **CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that a copy of the foregoing Notice of Removal has been emailed to:

**Rosemarie Robertson wife of/and Roger Blais**
*Through their attorney of record:*
Kenneth W. Andrieu
Kenneth W. Andrieu & Associates
4311 S. Prieur St.
New Orleans, LA 70125
(504) 421-2120
kandrieu11@cox.net

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

Honorable Dale N. Atkins
Clerk of Court
Parish of Orleans
421 Loyola Avenue, Suite 402
New Orleans, LA 70112
(504) 407-0000

for filing in the state court action entitled:  *"Rosemarie Robertson wife of/and Roger Blais versus Larry Jean Boyd, Five Star Transport, LLC, and American Inter-Fidelity Exchange"* bearing Case No. 2016-229, Div. "E", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 23rd day of February, 2016.

*/s/ James R. Nieset, Jr.*
JAMES R. NIESET, JR.

236/238.0008