UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROSEMARIE ROBERTSON, et al.**         CIVIL ACTION

**VERSUS**                               NO. 16-1547

**LARRY JEAN BOYD, et al.**              SECTION: "G"(4)

## ORDER

This litigation arises out of Plaintiffs Rosemarie Robertson ("Robertson") and Roger Blais ("Blais") (collectively "Plaintiffs") claims for damages following a car accident in which Plaintiffs allege that Robertson was injured.[1] Plaintiffs originally filed this action in the Civil District Court for the Parish of Orleans, but Defendants Five Star Transport, LLC and American Inter-Fidelity Exchange (collectively "Defendants") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiffs have not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

On March 10, 2016, the Court ordered that Defendants submit summary judgment-type evidence regarding the amount in controversy at the time of removal.[5] Defendants filed a

---

[1] Rec. Doc. 1-1 at 4.

[2] Rec. Doc. 1.

[3] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[4] 28 U.S.C. § 1447(c).

[5] Rec. Doc. 6.

1

memorandum regarding the amount in controversy on March 23, 2016.[6] For the reasons that follow, the Court concludes that Defendants have not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

**I. Background**

In their petition, Plaintiffs allege that Robertson was involved in a car accident and that she and her husband, Blais, are entitled to damages as a result of the negligence of Defendant Larry Jean Boyd.[7] Plaintiffs allege that Robertson "suffered multiple contusions to the body trunk, spine and extremities, including but not limited to the left arm, left tricep, left shoulder, and post traumatic headaches, and is entitled to an amount to commensurate with her damages and injuries to include physical pain and suffering, mental anguish, permanent disability, medical expenses, past, present and future, loss of income past, present and future, loss of earning capacity and loss of enjoyment of life . . . . "[8] In their Notice of Removal, Defendants assert that the amount in controversy exceeds $75,000 because the coverage limit on the insurance policy issued to Defendant Five Star Transport, LLC is $1 million.[9]

On March 10, 2016, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores,*

---

[6] Rec. Doc. 7.

[7] Rec. Doc. 1-1 at 3.

[8] *Id.*

[9] *Id.*

*Inc.*,[10] and *Gasch v. Hartford Accident & Indemnity Co.*,[11] the Court ordered that Defendants submit summary judgment-type evidence regarding the amount in controversy at the time of removal.[12] In its Order, the Court noted that in a personal injury action, the amount in controversy should be measured by the value of the underlying claim, not the value of the insurance policy.[13] Defendants filed a memorandum regarding the amount in controversy on March 23, 2016.[14]

## II. Parties' Arguments

Defendants, in their memorandum, assert that Robertson underwent surgery after this incident to repair a tear in her left shoulder, and the medical bills total $56,816.90.[15] Defendants assert that the amount in controversy is met because the Court must also consider the possible general damages that could be awarded to Robertson if Plaintiffs prove that Robertson's shoulder surgery is causally related to the accident.[16] Defendants further assert that Plaintiffs' petition does not contain a statement that their damages are insufficient to meet the federal jurisdictional minimum, and they have not filed a binding stipulation that they affirmatively renounce the right to accept a judgment in excess of $75,000.[17] In support, Defendants cite a Magistrate Judge opinion from the Western District of Louisiana, where the court stated that by failing to allege in their petition that their damages were insufficient to satisfy the federal jurisdictional minimum, the

---

[10] 193 F.3d 848, 850 (5th Cir. 1999).

[11] 491 F.3d 278, 281 (5th Cir. 2007).

[12] Rec. Doc. 6.

[13] Rec. Doc. 6 at 5.

[14] Rec. Doc. 7.

[15] *Id.* at 2.

[16] *Id.* at 3.

[17] *Id.* at 3–4.

plaintiffs had, in effect, conceded that the requisite jurisdictional amount is in controversy, creating a "strong presumption" in favor of jurisdiction.[18]

### III. Law and Analysis

*A.     Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[19] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[20] The removing party bears the burden of demonstrating that federal jurisdiction exists.[21] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[22] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[23]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[24] When the plaintiff alleges a damage

---

[18] *Id.* at 4 (citing *Bruce v. Fisher*, No. 06-0840, 2006 U.S. Dist. LEXIS 64032 (W.D. La. July 13, 2006)).
[19] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[20] 28 U.S.C. § 1332(a)(1).

[21] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[22] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[23] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[24] *See Allen*, 63 F.3d at 1335.

figure in excess of the required amount in controversy, "that amount controls if made in good faith."[25] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[26]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[27] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[28] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[29] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[30]

## B.   *Analysis*

The Court at the time of the Order on March 10, 2016, was not satisfied that the amount in controversy was facially apparent.[31] Therefore, relying on the Fifth Circuit's pronouncement in *Allen v. R&H Oil & Gas Co*. that "[i]n situations where the facially apparent test is not met, the

---

[25] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[26] *Id.*

[27] *See* La. Code Civ. P. art. 893.

[28] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[29] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[30] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[31] Rec. Doc. 6 at 4.

5

district court can then require parties to submit summary-judgment-type evidence . . . ,"[32] this Court ordered Defendants to submit summary judgment-type evidence regarding the amount in controversy at the time of removal.[33]

In their "Memorandum Setting Forth Specific Facts That Support a Finding that the Amount in Controversy Exceeds the Jurisdictional Minimum," Defendants assert that the amount in controversy exceeds $75,000, but cite in support only Robertson's medical expenses at the time of removal in the amount of $56,816.90.[34] Defendants do not submit any evidence of any anticipated future medical treatment for Robertson or any other damages that she has incurred. Although Plaintiffs request lost income and lost earning capacity damages in their petition, Defendants have not submitted any summary judgment-type evidence supporting a numerical figure for any lost earnings, past, present, or future, that Plaintiffs seek to recover. Nor do Defendants submit any evidence regarding Robertson's present medical condition and any lost earnings capacity.

Finally, Plaintiffs seek recovery for pain and suffering, loss of enjoyment of life, mental anguish, and loss of consortium, in addition to medical expenses. Defendants cites a Magistrate Judge opinion from the Western District of Louisiana where the court stated that a plaintiff's failure to allege that his or her damages exceeds $75,000 means that a plaintiff effectively concedes that the jurisdictional minimum is met.[35] However, "where a claim is made for pain and suffering in a personal injury case, the amount claimed by the plaintiff does not have to be accepted by the

---

[32] 63 F.3d 1326, 1336 (5th Cir. 1995).

[33] Rec. Doc. 6 at 5.

[34] Rec. Docs 7, 7-1.

[35] Rec. Doc. 7 at 4 (citing *Bruce v. Fisher*, No. 06-0840, 2006 U.S. Dist. LEXIS 64032 (W.D. La. July 13, 2006)).

Court as the amount in controversy when determining whether or not the Court has jurisdiction."[36] Here, Plaintiffs have not alleged that their pain and suffering along with medical expenses would exceed $75,000, and Defendants provide no evidence to suggest that they would.

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants allege medical expenses of $56,816.90.[37] The general damages in this case are too speculative for the Court to find by a preponderance of the evidence that they would exceed $18,183.10 in order for them to satisfy the amount in controversy requirement. Although the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[38] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiffs' claims, if proven, would be worth an amount in excess of $75,000.

---

[36] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

[37] Rec. Doc. 23.

[38] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this <u>2nd</u> day of June, 2016.

                        */s/ Nannette Jolivette Brown*
                        **NANNETTE JOLIVETTE BROWN**
                        **UNITED STATES DISTRICT JUDGE**